# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Troy Michael DeFrank,

    Plaintiff

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:16-cv-467

Judge Michael H. Watson
Magistrate Judge E. Preston Deavers

## OPINION AND ORDER

On August 3, 2017, Magistrate Judge Deavers, to whom this matter was referred, issued a Report and Recommendation ("R&R"), ECF No. 18, recommending that the Court overrule Plaintiff's Statement of Specific Errors, in which Plaintiff challenged the Commissioner of Social Security's ("Defendant's") decision to deny Plaintiff's application for disability insurance benefits and supplemental social security income. Plaintiff objects to that R&R. ECF No. 19. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, ECF No. 19, **ADOPTS** the R&R, ECF No. 18, and **DISMISSES** Plaintiff's Complaint.

### I.    BACKGROUND

In April 2012, Plaintiff applied for disability benefits and supplemental security income, alleging that he had become disabled on May 9, 2008. After that application was denied, initially and on reconsideration, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's application in September 2014.

ECF No. 8-2, PAGEID ## 71-97. The ALJ subsequently issued a written determination denying Plaintiff's application on September 30, 2014. *Id.* at PAGEID ## 51-62. In that September 30, 2014, determination, the ALJ noted that Plaintiff had filed multiple prior applications for benefits, most recently in July 2010. *Id.* The July 2010 application had been denied on February 21, 2012. The ALJ found no reason to reopen Plaintiff's July 2010 application and considered it preclusive through February 21, 2012. *Id.* With respect to the unadjudicated period beginning February 22, 2012, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.* That determination became final when the Appeals Council denied review in March 2016. *Id.* at PAGEID ## 40-42. Plaintiff then sought judicial review pursuant to 42 U.S.C. § 405(g). The Magistrate Judge analyzed Plaintiff's Statement of Specific Errors and recommended that the Court overrule the same. Plaintiff objects to that recommendation.

Neither party objects to the Magistrate Judge's summary of the facts as set forth in her R&R. R&R 1–6, ECF No. 18. The Court consequently adopts the fact summary and repeats only those facts relevant to the resolution of Plaintiff's objections.

## II. STANDARD OF REVIEW

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

It is well settled that, when objecting to an R&R, a party must make "specific written objections" to the magistrate judge's proposed findings and recommendations. Fed R. Civ. P. 72(b)(3). A general statement that the magistrate judge erred does not aid judicial efficiency, the purpose "for which the use of magistrates [was] authorized." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); see also *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011), *aff'd*, 506 F. App'x 438 (2012) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

Furthermore, in Social Security cases, the Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to the proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). In this context, "[s]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance . . . .'" *Rogers*, 486 F.3d at 421 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). Stated differently, "[s]ubstantial evidence exists when a 'reasonable mind might accept' the relevant

evidence 'as adequate to support a conclusion.'" *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1997)).

## III. ANALYSIS

Plaintiff asserts that the Magistrate Judge incorrectly concluded that the ALJ sufficiently explained the weight that he assigned to an opinion from a nontreating examiner, Gabriel Sella, M.D. Specifically, Plaintiff asserts that the ALJ erred by failing to explain why he did not include in Plaintiff's RFC certain restrictions that were in Dr. Sella's opinion (i.e., that Plaintiff could walk only five to ten minutes at a time several times a day). The Court finds that this objection lacks merit.

Pursuant to 20 C.F.R. §§ 404.1527(d) and 416.927(c), an ALJ must "evaluate every medical opinion" received in light of the nature of the examining relationship, the nature of the treatment relationship, supportability, consistency, specialization, and other factors. There is also a presumptive sliding scale of deference to be given to various types of opinions. An opinion from a treating physician is "accorded the most deference" because of the "ongoing treatment relationship" between the patient and the opining physician. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007) (internal quotation marks omitted). A nontreating examiner, who physically examines a patient "but does not have, or did not have an ongoing treatment relationship with" the patient, falls next along the continuum. *Id.* A nonexaminer, who provides an opinion based solely

on review of the patient's existing medical records, is afforded the least deference. *Id.* Nevertheless, this hierarchy is not absolute. Any opinion, even that of a treating source, may be rejected by an ALJ if the source's opinion is not well supported by medical diagnostics or if it is inconsistent with the record. *See* 20 C.F.R. §§ 404.1527, 416.927; *Ealy*, 594 F.3d at 514. In addition, although an ALJ can reject a treating source's opinion, he must explain or give "good reasons" for doing so given that such an opinion presumptively carries controlling weight. *See Smith*, 482 F.3d at 876. On the other hand, there is no "good-reason" requirement for opinions from nontreating examiners and nonexaminers. *Id.*

As the Magistrate Judge noted, the ALJ indicated that he "fully considered" Dr. Sella's August 2012 assessment, in which Dr. Sella found that Plaintiff was "capable of lifting/carrying moderate weight, sitting without restriction, and standing/walking five to ten minutes at one time several times a day." ECF No. 8-2, at PAGEID # 58. The ALJ also found that to the extent the opinions from Dr. Sella, another nontreating examiner, and two nonexaminers showed that Plaintiff's ability to work was not grossly restricted, and to the extent that each of these opinions was consistent with the majority of the objective findings in the medical evidence, the ALJ afforded them the "greatest weight." *Id.* at PAGEID # 59.

The Magistrate Judge also noted that the ALJ discussed the record in detail. With regard to walking, the ALJ explained that clinical findings were

unremarkable—Plaintiff had "routinely intact neurological function and gait"; "no motor loss was demonstrated and there was no evidence of [Plaintiff] having a complete inability to ambulate effectively"; and Plaintiff was "routinely described as not only demonstrating normal gait, but also ambulating without the need for an assistive device." *Id.* at PAGEID ## 57-58. Moreover, the ALJ noted that Plaintiff did not require critical active treatment or significant office care but instead maintained with routine and conservative treatments. *Id.* at PAGEID # 58. Accordingly, the Magistrate Judge correctly concluded that the ALJ's analysis of Dr. Sella's opinion was sufficient.

In addition, the Court finds that the ALJ was not required to more specifically explain or give good reasons for omitting Dr. Sella's walking restrictions from Plaintiff's RFC because Dr. Sella was a nontreating examiner. *Smith*, 482 F.3d at 876.; *cf. Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 839 (6th Cir. 2005) (The ALJ did not err when he failed to mention report of consultative neurologist who only evaluated plaintiff once and was not a treating source); *Dykes v. Barnhart*, 112 F. App'x 463, 467–69 (6th Cir. 2004) (failure to discuss opinion of consultative examiner was harmless error). Nor was the ALJ required to incorporate Dr. Sella's walking restrictions into the RFC even though he gave Dr. Sella's opinion great weight. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (explaining that even though an ALJ gave an opinion great weight, the ALJ was not required to incorporate every restriction in that opinion into an RFC where the record did not support the incorporation of

certain restrictions). In sum, the ALJ's decision was supported by substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections to the R&R, ECF No. 19, **AFFIRMS AND ADOPTS** the R&R, ECF No. 18, and **DISMISSES** Plaintiff's Complaint.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**